**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | |
|---|---|
| MATTHEW THOMAS LEWIS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. _____ |
| | ) |
| COAL CITY COB COMPANY, INC., | ) |
| XL INSURANCE AMERICA, INC., | ) |
| and JONATHAN CALEB DEPOE. | ) |
| | ) |
|    Defendants. | ) |

**COMPLAINT**

COMES NOW Matthew Thomas Lewis, Plaintiff herein, and files this his Complaint as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.

Plaintiff Matthew Lewis is a Georgia citizen who resides in Chatham County.

2.

Defendant Coal City Cob Company, Inc. ("Defendant Coal City") is a foreign corporation organized under the laws of the State of Illinois. Defendant Coal City maintains its principal place of business in the State of Texas. Defendant Coal City transacts business in the Savannah Division of the Southern District of Georgia. Defendant Coal City can be served with process through its registered agent, Andrew Mantey, 2480 E. Stellon Street, Coal City, Illinois 60416.

3.

Defendant XL Insurance America, Inc. ("Defendant XL Insurance") is foreign corporation organized under the laws of the State of Delaware. Defendant XL Insurance maintains its principal

place of business in the State of Connecticut. Defendant XL Insurance transacts business in the Savannah Division of the Southern District of Georgia. Defendant XL Insurance can be served with process through its registered agent, Linda Banks c/o CT Corporation System, 289 S. Culver St., Lawrenceville, Georgia 30046 which is located in Gwinnett County.

4.

Defendant Jonathan Depoe is a Florida citizen who can be served with process at his residence which is located at 149 SW Fabian Way, Lake City, Florida 32024, Columbia County.

5.

Because all of the Defendants are non-residents of the State of Georgia, and because the amount in controversy exceeds $75,000, Plaintiffs invoke the diversity jurisdiction of this Court pursuant to 28 U.S.C. § 1332.

6.

Because the motor vehicle collision which is the subject of his lawsuit occurred in Chatham County, Georgia, venue is properly located in the Savannah Division of the Southern District of Georgia.

**FACTS**

7.

Plaintiff Lewis incorporates by reference and realleges each and every preceding paragraph of this Complaint as if fully stated herein.

8.

On April 3, 2018, Plaintiff Lewis was traveling North on Highway 21 in Chatham County, Georgia in a tractor trailer.

9.

Suddenly, and without warning, a tractor trailer owned by Defendant Coal City and operated by Defendant Depoe, slammed into the rear of Plaintiff's vehicle causing equipment to strike Plaintiff Lewis's head and neck.

10.

Defendant Depoe was found to be at-fault and cited for the collision.

11.

The actions of Defendant Coal City, by and through its agent and/or employee, Defendant Depoe, caused Plaintiff Lewis to suffer serious injuries and damage, including multiple surgeries and a traumatic brain injury.

## **COUNT ONE – NEGLIGENCE**

12.

Plaintiff Lewis incorporates by reference and realleges each and every preceding paragraph of this Complaint as if fully stated herein.

13.

On April 3, 2018, Defendant Depoe was driving a tractor trailer owned by Defendant Coal City, an interstate and intrastate motor carrier subject to the regulations established and adopted by the government of the United States and the government of the state of Georgia.

14.

Defendant Depoe owed a duty of care to Plaintiff Lewis, and other drivers similarly situated, to operate his truck in a reasonably safe and non-negligent manner.

15.

Defendant Depoe breached this duty of due care and was negligent by:

a.	Failing to operate his vehicle in a reasonably safe manner;

b.	Failing to keep a proper lookout; and

c.	Following too closely in violation of O.C.G.A. § 40-6-49.

16.

Defendant Depoe's violation of Georgia law constitutes negligence per se.

17.

Defendant Depoe is therefore liable to Plaintiff Lewis for his injuries and damages.

## **COUNT TWO – VICARIOUS LIABILITY**

18.

Plaintiff Lewis incorporates by reference and realleges each and every preceding paragraph of this Complaint as if fully stated herein.

19.

At all times material to this Complaint, Defendant Depoe was acting within the course and scope of his employment and/or agency with and for the benefit of Defendant Coal City.

20.

Defendant Coal City is therefore vicariously liable for the actions of Defendant Depoe.

## **COUNT THREE – NEGLIGENT ENTRUSTMENT**

21.

Plaintiff Lewis incorporates by reference and realleges each and every preceding paragraph of this Complaint as if fully stated herein.

22.

Defendant Coal City owed a duty of care to Plaintiff Lewis, and other drivers similarly situated, to entrust their tractor trailer to a competent, fit, and qualified driver.

23.

Defendant Coal City breached this duty of care by knowingly entrusting their tractor trailer to an unfit driver, Defendant Depoe.

24.

Defendant Coal City's negligent entrustment was a cause of Plaintiff Lewis's injuries and damages.

### COUNT FOUR – DIRECT ACTION AGAINST INSURER

25.

Plaintiff Lewis incorporates by reference and realleges each and every preceding paragraph of this Complaint as if fully stated herein.

26.

Defendant XL Insurance is named as Defendant in this case by virtue of the fact it issued a policy of indemnity insurance to Defendant Coal City.

27.

If a policy of indemnity insurance is given in lieu of bond, it shall be permissible to join the motor carrier and the insurance carrier in the same action, whether arising in tort or contract. O.C.G.A. § 40-1-112(c).

28.

Defendant XL Insurance is not a joint tortfeasor.  Defendant XL Insurance is joined by virtue of its contractual obligation to pay for the negligence of the motor carrier and the agents, employees, drivers, and servants of its insured.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

a.  That summons and process be issued and served upon Defendants;

b.  For a trial by jury comprised of twelve (12) persons;

c.  For judgment in favor of Plaintiff and against Defendants;

d.  That Plaintiff be awarded all general and special damages allowed by law in an amount to be determined by the enlightened conscience of a fair and impartial jury;

e.  The costs incurred by Plaintiff as a result of this litigation; and

f.  For such other and further relief as the Court deems just and proper.

Respectfully submitted this  day of 20th day of March, 2020.

**MANLY SHIPLEY, LLP**

/s/ John B. Manly
JOHN B. MANLY
Georgia Bar No. 194011
JAMES E. SHIPLEY, JR.
Georgia Bar No. 116508

Post Office Box 10840
Savannah, Georgia 31412
T: (912) 495-5360
F: (844) 362-4952
john@manlyshipley.com
jim@manlyshipley.com