**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | | |
|---|---|---|
| **MATTHEW THOMAS LEWIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 4:20-cv-00052-WTM-CLR** |
| | ) | |
| **COAL CITY COB COMPANY, INC.** | ) | |
| **and XL INSURANCE AMERICA, INC.,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendants.** | ) | |

**RULE 26(f) REPORT**

1. Date of Rule 26(f) conference:   May 20, 2020

2. Parties or counsel who participated in conference:

   | On behalf of: | Counsel who participated: |
   |---|---|
   | Matthew Thomas Lewis, Plaintiff | John B. Manly and James E. Shipley, Jr. |
   | Coal City Cob Company, Inc. and XL Insurance America, Inc., Defendants | Andrew Horowitz |

3. If any defendant has yet to be served, please identify the defendant and state when service is expected.

   All defendants have been served.

4. Date the Rule 26(a)(1) disclosures were made or will be made:

   The parties have agreed to produce Rule 26(a)(1) disclosures within 14-days of the Rule 26(f) Conference.

5. If any party objects to making the initial disclosures required by Rule 26(a)(1) or proposes changes to the timing or form of those disclosures,

   (a) Identify the party or parties making the objection or proposal:

   No party objects to making the disclosures.

   (b) Specify the objection or proposal:

   N/A.

6.  The Local Rules provide a 140-day period for discovery. If any party is requesting additional time for discovery,

    (a)  Identify the party or parties requesting additional time:

    Plaintiff and Defendants.

    (b)  State the number of months the parties are requesting for discovery:

    9-months.

    (c)  Identify the reason(s) for requesting additional time for discovery:

    _____    Unusually large number of parties

    _____    Unusually large number of claims or defenses

    _____    Unusually large number of witnesses

    _____    Exceptionally complex factual issues

    _____    Need for discovery outside the United States

    __x__    Other: Due to the Covid-19 pandemic, scheduling depositions and traveling has become difficult. Healthcare workers are also overwhelmed and may find it difficult to comply with the typical deadlines for producing medical records.

    (d)  Please provide a brief statement in support of each of the reasons identified above:

    See above.

7.  If any party is requesting that discovery be limited to particular issues or conducted in phases, please

    (a)  Identify the party or parties requesting such limits:

    N/A

    (b)  State the nature of any proposed limits:

    N/A

8.  The Local Rules provide, and the Court generally imposes, the following deadlines:

    | | |
    |---|---|
    | Last day for filing motions to add Or join parties or amend pleadings | 60 days after issue is joined |
    | Last day to furnish expert witness report by plaintiff | 60 days after Rule 26(f) conference |

|  |  |
|---|---|
| Last day to furnish expert witness report by a defendant | 90 days after Rule 26(f) conference (or 60 days after the answer, whichever is later) |
| Last day to file motions | 30 days after close of discovery |

If any party requests a modification of any of these deadlines

(a) Identify the party or parties requesting the modification:

<u>Plaintiff and Defendants.</u>

(b) State which deadline should be modified and the reason supporting the request:

|  |  |
|---|---|
| Last day for filing motions to add or join parties or amend pleadings | 60 days after issue is joined |
| Last day to furnish expert witness report by plaintiff | 90 days after 26(a)(1) disclosures |
| Last day to furnish expert witness report by a defendant | 120 days after 26(a)(1) disclosures |
| Last day to file motions | 30 days after close of discovery |

9. If the case involves electronic discovery,

   (a) State whether the parties have reached an agreement regarding the preservation, disclosure, or discovery of electronically stored information, and if the parties prefer to have their agreement memorialized in the scheduling order, briefly describe the terms of their agreement:

   <u>The parties discussed electronic discovery and decided, to the extent practicable, any ESI will be produced in PDF format. The parties further determined that the amount of electronic discovery anticipated does not require an ESI agreement to be memorialized in the scheduling order. If it is later determined that the amount of electronic discovery exceeds what is expected, the parties will confer among themselves in an attempt to reach an agreement before requesting intervention by the Court.</u>

   (b) Identify any issues regarding electronically stored information as to which the parties have been unable to reach an agreement:

   <u>None.</u>

10. If the case is known to involve claims of privilege or protection of trial preparation material,

(a) State whether the parties have reached an agreement regarding the procedures for asserting claims of privilege or protection after production of either electronic or other discovery material:

<u>There are no known issues involving claims of privilege or protection of trial preparation material as to electronic or other discovery material which would require an agreement at this time. All parties reserve their rights to assert privileges and the protection of trial preparation material.</u>

(b) Briefly describe the terms of any agreement the parties wish to have memorialized in the scheduling order (or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters):

<u>None.</u>

(c) Identify any issues regarding claims of privilege or protection as to which the parties have been unable to reach an agreement:

<u>None.</u>

11. State any other matters the Court should include in its scheduling order:

<u>None.</u>

12. The parties certify by their signatures below that they have discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case. Please state any specific problems that have created a hindrance to the settlement of the case:

<u>None.</u>

This 20th day of May, 2020.

<u>/s/ John Manly</u>  
John B. Manly  
Georgia Bar No. 194011  
Manly Shipley, LLP  
Post Office Box 10840  
Savannah, Georgia 31412  
T: (912) 495-5360  
F: (844) 362-4952  
john@manlyshipley.com  
*Counsel for Plaintiff*

<u>/s/ Andrew D. Horowitz</u>  
Andrew D. Horowitz  
Georgia Bar No. 367815  
Drew, Eckl & Farnham, LLP  
303 Peachtree Street, NE, Suite 3500  
Atlanta, Georgia 30308  
T: (404) 885-1400  
ahorowitz@deflaw.com  
*Counsel for Defendants*